### GOODMAN v. BRENNER.

1. EASEMENTS—WAY OF NECESSITY—PRESUMPTIONS.

A way of necessity arises when one grants a parcel of land to which there is no access from the highway except over other land of the grantor or over the land of strangers, in which case the grantor impliedly grants a right of way over his land as an incident to the purchaser's occupation and enjoyment of the grant.

---

For authorities discussing the question of way of necessity where other possible modes of access exist, see notes in 17 L. R. A. (N. S.) 1018; 32 L. R. A. (N. S.) 1075.

On loss of easement by adverse possession or nonuser, see notes in 1 A. L. R. 884; 9 A. L. R. 423.

2. SAME—ADVERSE POSSESSION—EVIDENCE—EXTINGUISHING RIGHT
OF WAY.
Evidence *held*, insufficient to establish that defendant's
easement in a right of way had been extinguished by
adverse possession of plaintiff for the statutory period;
the mere building of a fence across the right of way not
being conclusive.

3. SAME—NOT LOST BY MERE NONUSER—LIMITATIONS, STATUTE OF.
A way of necessity is not lost by a mere nonuser for a
longer period than the statute of limitations.

4. SAME—ABANDONMENT—NONUSER—EVIDENCE—INTENTION.
That defendant failed to use a right of way for upwards
of 30 years is not conclusive proof of his intention to
abandon it, but is to be considered in connection with
his other acts in determining his intention, since abandon-
ment is largely a matter of intention.

5. SAME—PROOF OF ABANDONMENT—INTENTION.
To establish abandonment of an easement there must be
coupled with the nonuser some clear and decisive act of
the dominant owner, showing an intention to abandon and
release his right.

6. SAME.
Evidence that defendant, who had a way of necessity
over plaintiff's land, did not use it for over 30 years,
but during that time used other ways to which he made
claim, and that he filed a suit to establish a way by
prescription over other lands, making a sworn statement
that this was his only way, *held*, to establish conclusively
that he had abandoned his easement in plaintiff's land.

7. SAME—WAY OF NECESSITY—NOTICE—ABANDONMENT.
Defendant's claim that he did not know that he had an
easement over plaintiff's land when he was claiming a
right of way over other lands, *held*, not established by the
record.

Appeal from Allegan; Cross (Orien S.), J.   Sub-
mitted April 26, 1922.   (Docket No. 26.)   Decided
June 5, 1922.

Bill by Fred Goodman against William S. Brenner
and others to enjoin a trespass upon land.   Defend-

ants filed a cross-bill to establish a right of way by necessity over said land. From a decree for plaintiff, defendants appeal. Affirmed.

*Clare E. Hoffman,* for plaintiff.

*Howard A. Ellis,* for defendants.

McDONALD, J. The bill of complaint was filed in this cause to restrain the defendants from trespassing on the premises of the plaintiff and to recover damages for injury to crops and fences. The defendants answering claim a right of way by necessity over the plaintiff's land, and as affirmative relief ask the court to establish and confirm it. The parties are neighboring farmers living in the township of Salem, Allegan county, Michigan. Their lands were owned by a common grantor, one Adam Goodman. In 1878, defendant William S. Brenner acquired title to 20 acres described as the north ½ of the northeast ¼ of the southwest ¼ of section 17; and in 1891, Adam Goodman conveyed to him by warranty deed the south ½ of the northeast ¼ of the southwest ¼, containing 20 acres.

At the time of these conveyances Adam Goodman owned the west 60 acres of the south ½ of the southeast ¼ of section 17, and in order to have access to the 40 which the defendant now owns, he purchased a 2-acre strip at the northwest corner of the 60 acres. This 62 acres he conveyed to one John Van Ree, and in 1901 Van Ree sold it to Fred Goodman, the plaintiff. In 1918, the plaintiff also acquired title to the 40 acres known and referred to as the Piffer 40. This 40 lies directly south of defendants' land and between it and the highway. The 40 acres now owned by defendant William S. Brenner is what is known as a back 40, being entirely surrounded by the lands of others, so that it cannot be reached from the high-

way except over some of these intervening premises. When it was owned by Adam Goodman, the grantor, it was reached by a way over the 60 acres and the 2-acre strip at the northeast corner which he had acquired for that purpose.

The defendant William S. Brenner claims that he has a right of way by necessity over the west line of this 60 acres and across the 2-acre strip to his 40. The plaintiff denies this claim, and says that defendant never had any right of way over his land, that if he ever had he lost it by abandonment and adverse possession of the plaintiff. It appears to be conceded that for 30 years and upwards prior to this suit the defendant did not assert any title to the easement which he now claims, and did not use it except on two occasions in 1909, and then only by permission of the plaintiff.

Neighbors accommodated him when he wished to cross their lands, but more frequently, and for a longer period of time, he used a way over the farm of Charles Miller, whose land adjoined his on the west and extended to the highway.

In May, 1906, he filed a bill against Miller in the Allegan circuit court, in which he claimed a right of way over Miller's farm on the theory that he had used it for 32 years. Miller answered that whenever Brenner had crossed his land it was by permission. The suit was discontinued. Later, on two occasions, defendant made application to the highway commissioner for a road, but was not satisfied with the price fixed by the jury, and, as their determination was not binding, refused to abide by it. Having taken counsel with a lawyer in Grand Rapids, he made claim in the year 1920 to an easement over plaintiff's land and began to use it. This suit followed. On the hearing, the circuit judge found that defendant had a right of way by necessity over the farm of the plaintiff, but

had lost it by abandonment and by adverse possession of the plaintiff for the statutory period. A decree was entered accordingly and defendant appeals.

Counsel for plaintiff insists that the court was in error in holding that defendant had ever acquired a way over plaintiff's land. The rule is well settled that:

"A way of necessity arises when one grants a parcel of land surrounded by his other land, or when the grantee has no access to it except over other land of the grantor, or as an alternative by passing upon the land of a stranger. In such cases, the grantor impliedly grants a right of way over his land as an incident to the purchaser's occupation and enjoyment of the grant." Jones on Easements, § 298.

When the defendant William S. Brenner acquired his 40 acres, he had no ingress or egress except over the land of strangers or over the plaintiff's 62 acres, then owned by Adam Goodman. The situation existing at that time was such that a way over this land was indispensable to the beneficial use and enjoyment of his property. The circumstances were sufficient to create a presumption of an implied grant of the easement. We think that the circuit judge was not in error in so finding.

Plaintiff's counsel further contends that if such an easement were created, it has been lost by adverse possession. In his findings on this question the circuit judge said:

"The plaintiff has had the claimed right of way over his lands fenced, and has held the same adversely for the statutory period."

We have not been able to find anything in the record to show when the fence was built and how long it was maintained. In any event, there is some question whether, under the circumstances of this case, the building of a fence across the right of way would be such a hostile assertion of right adverse to defendant

as would set the statute of limitations in operation. Under the evidence, we do not think the defendant's easement has been extinguished by adverse possession of the plaintiff for the statutory period, but it seems clear to us that he has lost it by abandonment.

In the case of *McMorran Milling Co.* v. *Railway Co.,* 210 Mich. 381, 394, Justice STONE, speaking for this court, said:

"By the clear weight of authority the better doctrine seems to be that mere nonuser of a way, arising either by prescription or grant, for a period short of the statute of limitations, will not extinguish the easement unless accompanied by an intention on the part of the dominant owner to abandon it."

It is not to be implied from this that mere nonuser for a longer period than the statute of limitations will extinguish an easement arising by grant. In the case under consideration, the defendant's easement was not lost by mere nonuser, although it continued for upwards of 30 years. Neither was his failure to use it for so long a period sufficient evidence of abandonment, but it is an important fact to be considered in connection with his other acts in determining his intention. Abandonment is largely a matter of intention. It consists of intention and nonuser. There must be coupled with the nonuser some clear and decisive act of the dominant owner, showing an intention to abandon and release his right. As a general rule, the use by the dominant owner of some other way would be no evidence of his intention to abandon, but under the circumstances of this case we think it has some bearing on that question. He had a way over plaintiff's land; he had been cultivating his 40 for 30 years, and a way to it was necessary; he applied to all of his neighbors, except the plaintiff, for permission to cross. When one shut him out he applied to another, and when they all shut him out, instead of going to the plaintiff, where he had a way, he made

application to the highway commissioner to have a road established.

One act of the defendant, which affords rather clear evidence of his intention, was the beginning of a suit in 1906 against Charles Miller, whose land adjoined that of defendant on the west.    In this suit he made and filed an affidavit in which are found the following statements:

"That said 40 acres of land is a back 40; that there is no way by which this deponent can gain access to said farm, excepting by crossing the farm of Charley Miller, the defendant herein.

"That for the past 32 years your deponent has cultivated said land, and for the same length of time used and occupied a private road of passway through the farm of said defendant, Charley Miller.   *   *   *

"If this deponent is not permitted immediately to pass over said private road of passway, he will be unable to seed, cultivate or gain any benefit from said farm during the year 1906."

These sworn statements voluntarily made indicate rather clearly that he had abandoned every other way, except that which he was claiming over Miller's land. In fact, the evidence shows that he refused to settle the controversy with Miller by accepting a way offered to him by plaintiff and Mr. Piffer.   During all of these controversies with neighbors about a way to his farm he did not once assert any claim to a right to cross the land of the plaintiff.    We think that all of the acts and the conduct of defendant William S. Brenner clearly indicated his intention to give up and abandon his easement, and this, together with the fact that he had not used it for 30 years, was sufficient to extinguish it.    Counsel for defendant seeks to explain the apparent inconsistency of defendant's conduct, with the statement that Mr. Brenner did not know he had an easement over plaintiff's land until he went to Grand Rapids and consulted a lawyer.    This ex-

planation is hardly borne out by the evidence.    Defendant testified that when he received his conveyances he knew all about the situation of his land in relation to that of Adam Goodman.    It was just this situation that gave rise to the presumption of a grant in his favor.    He must have known it.    We think that his easement has been lost by abandonment.

The decree of the circuit court is affirmed, with costs to appellee.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.