RUSK *v.* GRANDE.

1. EASEMENTS—DEFINITION.

 An easement is a right which one proprietor has to some profit, benefit or lawful use, out of, or over, the estate of another proprietor.

2. SAME—POSSESSION.

 An easement does not displace the general possession by the owner of the land, but the person entitled to the easement has a qualified possession only, so far as may be needful for its enjoyment.

3. SAME—DEFINITION.

 An easement is a privilege without profit which one has for the benefit of his own land in the land of another, it being essential that there be 2 distinct tenements or estates, a dominant one to which the right belongs and a servient one upon which the obligation is imposed.

4. SAME—NO EASEMENT IN ONE'S OWN ESTATE IN FEE.

 One cannot have an easement in his own estate in fee.

5. DEEDS—ADJOINING PARCELS.

 The terms of the grant in a deed measure the rights of the grantee, where the common owner of 2 adjoining parcels of land sells one of them, in the absence of the interposition of public or private rights.

6. SAME—EASEMENTS—COVENANTS RUNNING WITH LAND.

 Deed by servient owner of part of land owned by her to plaintiff's grantors, which conveyed parcel adjoining a part of

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 17 Am Jur, Easements §§ 2, 3.
[2, 3] 17 Am Jur, Easements § 96.
[3] 17 Am Jur, Easements § 10.
[4] 17 Am Jur, Easements § 3.
[5] 17 Am Jur, Easements § 97.
[6] 17 Am Jur, Easements §§ 127, 128.

an easement for a driveway did not convey any rights in the driveway, where it was not a way of necessity for the parcel conveyed, as such parcel was no part of the dominant estate, there being no easement as to the servient estate which could run with the land so far as the owner of the servient estate was concerned.

Appeal from Van Buren; Mosier (Carl D.), J. Submitted January 22, 1952. (Docket No. 96, Calendar No. 45,254.) Decided April 7, 1952.

Bill by Joseph T. Rusk and others against Letha A. Gould Grande to establish the right to easement and prohibit interference with use. Decree for plaintiffs. Defendant appeals. Reversed.

*Lewis R. Williams,* for plaintiffs.

*Seymour & Seymour* (*Dalton G. Seymour,* of counsel), for defendant.

BUSHNELL, J. Plaintiffs, Joseph T. Rusk, Wanda M. Rusk, his wife, and Lorraine J. Rusk, his daughter, brought this action to establish their right to an easement in land owned by defendant Letha A. Gould Grande. Defendant has appealed from a decree enjoining her interference with plaintiffs' use of the easement.

Under the will of Polly B. Shearer (defendant's grandmother) lands abutting Round and Crooked lakes in Van Buren county, Michigan, became the property of the defendant, her sister, Myrtle M. Gould, and brother, Melvin J. Gould, as tenants in common. In 1938, these grandchildren, by quitclaim deeds, divided this property into 3 parts. The description of the portion conveyed to Letha Grande reads:

"Beginning 2,224.16 feet south of the ⅛ post on the north side of the northwest quarter of section 32,

town 4 south, range 16 west, and running thence south 148 feet, thence west 392.4 feet, thence north 74 degrees and 50 minutes west 83.5 feet, thence north 79 degrees and 53 minutes west 102 feet to the center of the county road, thence west to Round lake, thence northerly along said lake to a point west of beginning, thence east to beginning."

In the quitclaim deed from Melvin and Myrtle to Letha, an easement was created over Letha's parcel in the following language: "Reserving the southerly 2 rods thereof for a driveway, in common with others for the use and benefit of all property abutting thereon." Melvin and Myrtle became the owners of the land south of the driveway and a part of the land north of the driveway, which is east and north of defendant's land.

In 1940 Letha conveyed to plaintiffs' grantors, Hoke and wife, a portion of her land, and in 1948 Hoke and wife conveyed the same portion to plaintiffs. The descriptions in the Grande deed to the Hokes and the Hokes' deed to the Rusks read as follows:

"Beginning 2,224.16 feet south and 413 feet west of the northeast corner of the west ½ of the northwest ¼ of section 32, town 4 south, range 16 west; thence south 108.3 feet to Shearer Drive; thence north 74 degrees 48′ west 52.1 feet along the northerly line of Shearer Drive; thence north 79 degrees 36′ west 73.8 feet continuing along the northerly line of Shearer Drive; thence north 5 degrees 10′ east 81.1 feet along the easterly line of the county road; thence north 89 degrees 45′ east 115.5 feet to the place of beginning, being a parcel of land in the northwest ¼ of section 32, town 4 south, range 16 west, Keeler township, Van Buren county, Michigan."

Shearer Drive is the southerly 2-rod driveway mentioned in the quitclaim deed to Letha. In neither

of the subsequent deeds is there any reference to the easement over this driveway; nor is it included in the land conveyed by Letha. So far as this record indicates, Mrs. Letha Grande is still the owner of the drive.

In the following sketch plaintiff's land is designated as parcel "A"; Shearer drive east of the highway as parcel "B", and the drive west of the highway as parcel "B–C":

In 1945 Letha built a cottage on the west end of the 2-rod driveway on the parcel designated in the sketch as "B–C" which is located between the county road and Round lake. At that time the title of parcel "A" was in plaintiffs' grantors, Hoke and wife, who made no objections to the sole occupancy of parcel "B–C" by the defendant.

The trial judge held that the deed to Letha created an easement which "became a covenant running with

the land." In the decree it is stated that the deed created an easement "appurtenant to and for the use and benefit of all property abutting on the southerly 2 rods," and that plaintiffs, as such abutting owners, "have the right to enjoy, exercise and make use of the benefits of the easement and the entirety of said southerly 2 rods of land." The defendant was enjoined from interfering with such use and she was required to remove the cottage and other obstructions from parcel "B-C".

The law is that:

"An easement is a right which one proprietor has to some profit, benefit or lawful use, out of, or over, the estate of another proprietor.  *  *  *  It does not displace the general possession by the owner of the land, but the person entitled to the easement has a qualified possession only, so far as may be needful for its enjoyment." *Morrill* v. *Mackman,* 24 Mich 279, 284 (9 Am Rep 124), and *McClintic-Marshall Co.* v. *Ford Motor Co.,* 254 Mich 305, 317 (77 ALR 807). See, also, *Young* v. *Thendara, Inc.,* 328 Mich 42, 51.

"An easement is a privilege without profit which one has for the benefit of his own land in the land of another.  *  *  *  It is essential to an easement that there be 2 distinct tenements or estates, a dominant one to which the right belongs, and a servient one upon which the obligation is imposed." *Hasselbring* v. *Koepke,* 263 Mich 466, 479 (93 ALR 1170).

"One cannot have an easement in his own estate in fee." *Murphy Chair Co.* v. *American Radiator Co.,* 172 Mich 14, 29.

"One who owns a tract of land, or 2 or more adjoining lots, when no public or private rights are interposed, may sell any portion he pleases, and the terms of the grant as they appear from the language of the deed legally construed will measure the rights

of the grantee." *Burling* v. *Leiter*, 272 Mich 448, 454 (100 ALR 1312).

When Letha conveyed a portion of her land to Hoke and wife, she did not include in that conveyance any part of the driveway (parcels B and B–C). Her deed is also silent with respect to any easement. The Hokes conveyed the same property to the plaintiffs and their deed has no reference to the easement. It is clear that plaintiffs did not acquire any easement in the driveway because of a specific grant from their predecessors.

Plaintiffs can claim an easement only if the deed to Letha from her brother and sister created an easement which would run with Letha's land. The lands belonging to Letha's grantors constitute the dominant estate, to which the benefit of the easement belongs. The land conveyed to Letha is the servient estate. Because of the nature of an easement, Letha could not have an easement in her own property. Since there was no easement for the benefit of Letha's land, no easement existed which could run with her land. And, when Letha conveyed a portion of land, without a specific grant of an easement in the driveway of which she remained the fee owner, her grantees and their successors acquired no easement in that driveway.

It should be noted that there is no claim by plaintiffs that they are entitled to the use of the driveway because of necessity.

Plaintiffs not having acquired an easement, the decree of the trial court is vacated and one may be entered here in conformity with this opinion. Costs to appellant.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.