# STATE OF MICHIGAN

# COURT OF APPEALS

RJMC CORPORATION, d/b/a BARNSTORMER,

Plaintiff/Counter-Defendant-
Appellee,

UNPUBLISHED
April 14, 2016

v

GREEK OAK CHARTER TOWNSHIP,

Defendant/Counter-Plaintiff-
Appellant.

No. 326033
Livingston Circuit Court
LC No. 11-026087-CK

Before: BOONSTRA, P.J., and WILDER and METER, JJ.

PER CURIAM.

Defendant appeals as of right from an order denying sanctions for an allegedly frivolous lawsuit. We reverse and remand.

This case has been in our Court in the past. Pertinent facts are set forth in this Court's prior opinion. *RJMC Corp v Green Oak Twp*, unpublished opinion per curiam of the Court of Appeals, issued June 26, 2014 (Docket Nos. 313020 & 313483). Plaintiff operated a bar, restaurant, banquet center, and nightclub known as the Barnstormer. *Id*., slip op at 2. The Barnstormer had numerous fire and construction code violations. *Id*. Although defendant's fire department had earlier approved, through February 2010, a maximum occupancy of over 2,000 persons for the Barnstormer, defendant's fire chief sent plaintiff's manager a letter in January 2011 stating, in part, that the building "poses an immediate and serious life safety danger to everyone who enters it" and indicating that the upper floors of the Barnstormer would be closed and the first floor would have a 175-person occupancy limit. *Id*., slip op at 3. On June 6, 2011, defendant served plaintiff's manager with notice of a dangerous building hearing pursuant to MCL 125.540. *Id*. Plaintiff, in turn, sued defendant on June 13, 2011, alleging that its actions were unwarranted and had caused plaintiff to lose business. *Id*.

> Plaintiff noted that as recently as February 2010, defendant repeatedly approved occupancy limits in the Barnstormer for over 2,000 people. Plaintiff alleged that the fire department's decision to limit occupancy to 175 people in January 2011 forced it to cancel scores of events and caused plaintiff to lose "tens of thousands of dollars in business." Plaintiff alleged that defendant was attempting to intentionally shut down the Barnstormer and questioned defendant's motives for

-1-

alleging the safety and code violations. Among other forms of relief, plaintiff sought an injunction to keep the Barnstormer open at the occupancy levels that had been approved from 2002 to February of 2010. Plaintiff also sought a preliminary injunction for the same. [*Id.*]

Defendant countersued, requesting, among other things, that the Barnstormer be closed. *Id.*

The dangerous building hearing took place and the hearing officer found that plaintiff had not complied with a July 28, 2011, stipulated order and thus issued another order. *Id.*, slip op at 4. Plaintiff again failed to comply, and on March 29, 2012, defendant's board met and determined that portions of the Barnstormer constituted a dangerous building under state law and that the building would be closed until dangerous conditions were rectified. *Id.* At defendant's request, the circuit court granted summary disposition to defendant and affirmed the township board's March 29, 2012, order. *Id.*, slip op at 4-5. The circuit court "denied defendant's motion for sanctions pursuant to MCR 2.114 and MCL 600.2591, as well as defendant's request for attorney fees pursuant to MCL 125.541. The circuit court granted defendant $27,078.73 in costs." *Id.*

This Court affirmed the grant of summary disposition to defendant. *Id.*, slip op at 5-8. With regard to the issue of sanctions for filing a frivolous complaint, this Court stated:

[T]he trial court denied defendant's request for sanctions after it concluded, with no analysis, "I would not say, and I have never made a determination, that the action was frivolous." The trial court's subsequent written order gave no indication as to why the motion for sanctions was denied. Although this Court employs the deferential clearly erroneous standard to the trial court's determination of whether an action was frivolous, the trial court's failure to afford a clear understanding of the basis for its decision makes it impossible to ascertain whether the trial court clearly erred in denying defendant's motion for sanctions. Because the trial court failed to make any findings that would facilitate review, we vacate the trial court's order and remand with instructions for the trial court to consider and decide defendant's motion for sanctions, articulating on the record or in a written opinion the basis of its ruling. [*Id.*, slip op at 9.]

On remand, the original trial judge recused himself and a new judge was assigned. The newly assigned judge stated at the December 9, 2014, hearing that she did not believe she needed to go through the voluminous record:

[H]e [the prior judge] clearly didn't think it was frivolous. So why would I then do an analysis as to whether the complaint was frivolous. We already have a judge who was there from day one who doesn't believe it's frivolous. And the Court of Appeals judge doesn't think he made a review -- or findings. I have thought is there a way -- I know that lawyers can ask the Court of Appeals for I think a clarification or a ruling on an issue, but I don't know that a judge can. And I wanted to call up those three and say, okay, now that I'm stuck with it what do you want me to do. In looking at . . . this file -- and it took a long time. And fortunately it's the kind of work I did for 22 years. 'Cause I can't even imagine

having to understand all of this and not have done this work. . . . I have no idea why [defense counsel] would think -- let's assume just for the sake of argument it's frivolous -- that by any stretch of the imagination the amount billed is reasonable.

The judge expressed displeasure at the bill presented, characterizing the bill itself as "frivolous." She further stated, "If [the Court of Appeals] thought it was frivolous, why didn't they just say it's frivolous[?]" Finally she stated that she "might as well" analyze whether the lawsuit was frivolous.

On January 30, 2015, the court issued its opinion from the bench, stating that the complaint had not been frivolous. The court emphasized that plaintiff agreed to negotiate with regard to the stipulated order, agreed to a dismissal of part of its complaint, and agreed to try to comply with safety orders; the court claimed these facts showed that plaintiff was not acting frivolously. The court again mentioned the submitted bill, concluding that that it was too high and that much of the billing related to the dangerous building hearing, which was separate from the lawsuit. The court also mentioned that the township had earlier approved a 2,000-person occupancy level and that "mixed messages were coming from the Township." The court stated that plaintiff "had the right to rely on what the Township had done for years, the past actions, the occupancy being approved, no citations." The court also mentioned that defendant may have needed to file an action regardless in order to shut down the building.

Defendant contends that sanctions were warranted under MCR 2.114 and MCL 600.2591. MCR 2.114 states, in part:

> **(D) Effect of Signature.** The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that
>
> (1) he or she has read the document;
>
> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> **(E) Sanctions for Violation.** If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

MCL 600.2591 states:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means a party who wins on the entire record.

We review for clear error a court's decision with regard to sanctions for a frivolous filing. *Schadewald v Brule*, 225 Mich App 26, 41; 570 NW2d 788 (1997). A decision is clearly erroneous if it leaves us with a definite and firm conviction that a mistake occurred. *Id*. We have considered the trial court's reasons for finding plaintiff's complaint to be non-frivolous and have found them to be clearly erroneous.

The court mentioned plaintiff's negotiations with regard to the stipulated order, plaintiff's dismissal of part of its claims, and plaintiff's agreement to try to comply with safety orders, but these all occurred after the filing of the complaint. The court also mentioned that defendant might have needed to file an action regardless in order to demolish the building, but that has no bearing on whether plaintiff's complaint was frivolous. Nor did the amount or reasonableness of the submitted bill bear on whether the complaint was frivolous. Finally, while it is true that the township had earlier approved a 2,000-person occupancy level, the fact remains that plaintiff submitted no competent evidence to dispute the violations that came to light and that resulted in the revised 175-person occupancy limit.

Plaintiff simply did not provide evidence to dispute the well-documented existence of the violations. Under the circumstances, it is without question that plaintiff's claims were frivolous. Accordingly, sanctions were warranted. We thus remand this case for a hearing regarding the amount of sanctions to be imposed. After reviewing the transcripts, we find a high degree of

hostility exhibited by the trial judge and thus order this case remanded to a different judge. See, generally, *People v Stevens*, 498 Mich 162, 176; 869 NW2d 233 (2015).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter