*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WALTER S. MATHERLY and MARY BETH
RONAYNE MATHERLY,

UNPUBLISHED
February 5, 2019

Plaintiffs-Appellants,

v

No. 340856
Washtenaw Circuit Court
LC No. 16-000995-CH

PHILLIP TOLLIVER and JENNIFER
TOLLIVER,

Defendants-Appellees.

Before: MURRAY, C.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

In this action involving the interpretation of a written easement, plaintiffs appeal as of right the trial court's order granting defendants' motion for summary disposition and limiting plaintiffs' use of the easement. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The general facts of this case are largely undisputed. Plaintiffs own a home on Hadley Road in Dexter Township, and in November 2015, acquired additional real property in Dexter Township at 14500 Eisenbeiser Drive by warranty deed. Defendants also own property on Eisenbeiser Drive, acquired by warranty deed in February 2014. According to a document defendants attached to their motion for summary disposition, and plaintiffs have now attached to their brief on appeal, the three properties are situated as follows:



As the diagram depicts, plaintiffs' Hadley Road property abuts Eisenbeiser Drive, and Eisenbeiser Drive leads out to North Territorial Road.

Both warranty deeds provide that access to the respective properties is over a "private road/easement" further described as a "33 foot wide easement for ingress, egress and the installation and maintenance of public and private utilities . . . ." Additionally, defendants' warranty deed states that the easement referred to consists of the "Eisenbeiser Drive Maintenance Agreement, and the terms, conditions and provisions contained therein[.]"

That Maintenance Agreement, dated October 22, 2006, indicates that the easement created within serves four[1] properties, including both plaintiffs' and defendants' Eisenbeiser Drive properties, but excluding plaintiffs' Hadley Road property.[2] It states that "Eisenbeiser

---

[1] According to the trial court in its findings of fact and conclusions of law, these four parcels have since been divided into seven parcels. Neither party disputes this fact.

[2] The Maintenance Agreement terminated and replaced a previous easement, through which the four properties had rights to an easement over Eisenbeiser Drive, described as a private road in

Drive is created as a 33 foot private road," "[t]he property served by Eisenbeiser Drive currently consists of four parcels" identified in attached exhibits, and "[t]hese easements and agreements will run with the land and bind and benefit the parties, their heirs, successors, and assigns." Further, it provides that "[a]ll routine maintenance and repairs shall be shared by the properties." Beyond the above, however, the Maintenance Agreement gives no further description of the easement over Eisenbeiser Drive, its purpose, or its proper use.

After purchasing the property at 14500 Eisenbeiser Drive, plaintiffs used the easement from their Hadley Road home to access the property, until defendants began erecting barriers to obstruct that use. In response, plaintiffs filed their initial complaint on October 24, 2016, requesting that the trial court determine the scope and extent of their rights under the Eisenbeiser Drive easement, and enter an injunction prohibiting defendants from interfering with those rights. Defendants' actions, they asserted, interfered with their ability to utilize the easement "for any and all purposes for which a road may be used," including "reasonably unobstructed passage at all times."

In their answer, defendants asserted that neither the Maintenance Agreement, nor statutory or common law, granted plaintiffs the right to use the easement over Eisenbeiser Drive for ingress and egress from their Hadley Road home. And in their motion for summary disposition filed pursuant to MCR 2.116(C)(8) and (10) on February 22, 2017, defendants expanded upon this argument, contending that the easement over Eisenbeiser Drive was created only "to allow access from the North Territorial Road to a defined group of properties," and that plaintiffs' Hadley Road home was not listed as a benefitted property in the Maintenance Agreement.

Plaintiffs responded, asserting entitlement to summary disposition themselves pursuant to MCR 2.116(I)(2), on the basis that by its terms, the Maintenance Agreement does not limit use of the easement over Eisenbeiser Drive to ingress and egress from the benefitted properties to North Territorial Road. Further, plaintiffs argued, Eisenbeiser Drive is a private road as opposed to an easement for ingress and egress, and as such, they have a right to reasonably unobstructed passage over the road at all times. In reply, however, defendants maintained that the caselaw regarding easements draws no distinctions between private roads and easements for right of way or ingress and egress.

The trial court held a motion hearing on April 12, 2017, during which the parties made arguments consistent with those made in their briefs, but denied the motions without prejudice to afford plaintiffs the opportunity to amend their complaint. Plaintiffs then submitted a first amended complaint,[3] before filing their second amended complaint which is nearly identical to their initial complaint.

---

Washtenaw County. With regard to that previous easement, confusion apparently existed concerning "what portions of the easement [were] private driveways."

[3] In their first amended complaint, plaintiffs claimed an easement by prescription, which they did not later include in their second amended complaint.

At the second hearing on the parties' motions for summary disposition, the parties again made arguments consistent with those made in their briefs, but each insisted that no genuine issue of material fact existed and that the Maintenance Agreement should be interpreted in their favor.[4] Ultimately, the trial court entered a final judgment on October 16, 2017, acknowledging the parties' agreement that no disputed issues of material fact existed, and ordering that: (1) neither plaintiffs nor their successors in interest at 14500 Eisenbeiser Drive have the right to ingress and egress to 10047 Hadley Road using Eisenbeiser Drive or defendants' property on Eisenbeiser Drive, (2) neither plaintiffs nor their successors in interest at 10047 Hadley Road may directly access Eisenbeiser Drive at any point where the Hadley Road property is contiguous to Eisenbeiser Drive, and (3) defendants may place a fence or landscaping on their own property within the easement boundaries along the border between their Eisenbeiser Drive property and 10047 Hadley Road.[5] In so doing, the court found that the Maintenance Agreement consists of four benefitted parcels, not including plaintiffs' Hadley Road property, and that "[t]here is nothing in the Maintenance Agreement from which the Court could infer that the signers of the Maintenance Agreement intended that Eisenbeiser Drive would be used directly to access 10047 Hadley and there is no ambiguity in the Maintenance Agreement which would require the Court to inquire into the intent of the drafter and original signers of the Maintenance Agreement regarding the rights of the owners of 10047 Hadley." Further, it determined that the applicable caselaw draws no distinction between private roads and ingress-egress or right-of-way easements.

II. ANALYSIS

Plaintiffs argue that the trial court erred when it prohibited their use of the easement from their home on Hadley Road to their property on Eisenbeiser Drive and back. Specifically, they assert both that no such limitation exists in the terms of the Maintenance Agreement, and that private roads or general right-of-way easements like Eisenbeiser Drive, as opposed to easements for ingress and egress, permit reasonably unobstructed passage at all times.

---

[4] Plaintiffs' counsel did note a possible question of fact "as to the claims made by the defendants that the purpose of this lawsuit and the origin of the dispute is the attempts by the plaintiffs to use Eisenbeiser Drive for access to their Hadley Road property," clarifying that "[w]hat the plaintiffs are primarily intent on doing and what they've been prevented from doing is using Eisenbeiser Drive to access their benefitted parcel on Eisenbeiser Drive from their Hadley Road property." But defendants' counsel at the first motion hearing quelled any possible disagreement, stating: "[W]e're not arguing that he's trying to use a -- to get out to Hadley Road from Eisenbeiser. When I spoke of Hadley Road it was the house at 10047 Hadley Road and specifically what they are saying is they want to be able to go from that house on to Eisenbeiser Drive. That's exactly what they're claiming and the house at 10047 Hadley Road is not contained within the benefitted parcels." Thus, the essential disagreement between the parties is in regard to plaintiffs' use of Eisenbeiser Drive from their Hadley Road property.

[5] The court never actually stated that it was granting defendants' motion for summary disposition, and under which subsection.

Defendants brought their motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), but beyond acknowledging that the matter came before it on opposing motions for summary disposition, the court never actually explicitly held that it was granting defendants' motion, let alone identified the appropriate subsection under which it decided to do so. Nevertheless, "because the court considered evidence outside the pleadings" to issue its decision and enter a final judgment, "we will review this decision under the standard for MCR 2.116(C)(10)." *Steward v Panek*, 251 Mich App 546, 554-555; 652 NW2d 232 (2002).

"We review a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10) de novo." *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 777; 910 NW2d 666 (2017). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint, *id.*, and summary disposition is warranted where "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law," MCR 2.1116(C)(10). "A genuine issue of material fact exists when, viewing the evidence in a light most favorable to the nonmoving party, the record which might be developed . . . would leave open an issue upon which reasonable minds might differ." *Bonner v City of Brighton*, 495 Mich 209, 220; 848 NW2d 380 (2014) (quotation marks and citation omitted). A trial court's ultimate interpretation of an easement is a question of law we also review de novo. See *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005). However, "[t]he extent of a party's rights under an easement is a question of fact, and a trial court's determination of those facts is reviewed for clear error." *Id.* Accordingly, if reasonable minds could not differ regarding plaintiffs' rights under the easement created by the Maintenance Agreement, summary disposition is appropriate.

"An easement is the right to use the land of another for a specified purpose," *Schadewald v Brule*, 225 Mich App 26, 35; 570 NW2d 788 (1997), and may be created "by express grant, by reservation or exception, or by covenant or agreement," *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 661; 651 NW2d 458 (2002) (quotation marks and citation omitted).[6] As discussed, the Maintenance Agreement created the easement at issue, and both parties have acknowledged that the sole issue is the interpretation of the Agreement and the rights it affords.[7]

The "use of an easement must be confined strictly to the purposes for which it was granted or reserved." *Blackhawk Dev Corp*, 473 Mich at 41 (quotation marks and citation

---

[6] We note that it is unclear from the Maintenance Agreement whether Eisenbeiser Drive is owned by one of the property owners, or all of the property owners collectively, or whether each property owner owns that portion abutting their property.

[7] At the second motion hearing, defendants' counsel stated, "I believe the only issue before the Court now concerns the interpretation of the Eisenbeiser Drive road maintenance agreement under which rights are being claimed." And in plaintiffs' brief on appeal, they state that "[a]t the second hearing on the Cross-Motions for Summary Disposition on August 9, 2017, [defendants'] lawyer correctly stated that 'the only issue before the court concerns the interpretation of the eisenbeiser drive road maintenance agreement,' " and that "[t]he text of the easement is controlling."

omitted). Thus, "[o]nce granted, an easement cannot be modified by either party unilaterally." *Schadewald*, 225 Mich App at 36. As with contracts, to interpret an easement's purpose, a court must first look to the language of the easement itself, with the overarching goal of determining "the true intent of the parties at the time the easement was created." *Wiggins v City of Burton*, 291 Mich App 532, 551; 805 NW2d 517 (2011). If the language of the easement is unambiguous, it must be enforced as written with no further inquiry. *Id*.

With the above principles in mind, we hold that the trial court did not err by prohibiting plaintiffs' access to Eisenbeiser Drive from their Hadley Road property, and granting defendants permission to place a fence or landscaping "on their own property, within the easement boundaries along the boundary between 14316 Eisenbeiser Drive and 10047 Hadley [Road]." The Maintenance Agreement unambiguously precludes plaintiffs' use of the easement in that manner, and defendants are entitled to judgment as a matter of law.

"An appurtenant easement, which is the type of easement at issue in this case, attaches to the land and is incapable of existence separate and apart from the particular land to which it is annexed." *Schadewald*, 225 Mich App at 35. As such, plaintiffs' and defendants' rights to use the easement are not personal in nature, and exist only by virtue of owning benefitted parcels. And as the court reasoned (and plaintiffs acknowledge), the Maintenance Agreement explicitly states those parcels served by the easement, and does not include plaintiffs' Hadley Road property. Thus, plaintiffs' use of the easement to and from their Hadley Road property, even to access their benefitted property on Eisenbeiser Drive, is not permitted by the unambiguous terms of the Agreement, and to conclude otherwise would constitute an improper modification and extension of the easement.[8] See *Schadewald*, 235 Mich App at 28, 38-39 (holding that an easement connecting a particular parcel of property to a right of way that provided access to a public highway could not be extended to an additional parcel not mentioned in the easement document); *Soergel v Preston*, 141 Mich App 585, 588-589; 367 NW2d 366 (1985) (declining to extend a right-of-way easement for the installation of water and sewer lines to a parcel not mentioned in the easement agreement).[9] The absence of any language in the Agreement

---

[8] We note that neither party, either in the trial court or on appeal, has argued that the language in their warranty deeds regarding use of the easement over Eisenbeiser Drive for ingress and egress should have been considered by the trial court when interpreting the parties' rights. And as we have concluded that the terms of the Maintenance Agreement creating the easement are unambiguous, we see no reason to examine documents or other evidence beyond the Agreement. *Wiggins*, 291 Mich App at 551.

[9] Plaintiffs cite a number of cases for their argument that there is a difference between private roads or general right-of-way easements and easements for ingress and egress, but those cases largely reiterate the general principal that interpretation of an easement requires reference to the language of the easement document first. See *Harvey v Crane*, 85 Mich 316, 321; 48 NW 582 (1891) ("When a right of way exists by virtue of a license or grant, the incidents of that right are determined by reference to such grant or license, and, when that is uncertain or ambiguous, the circumstances surrounding the grant or license and the situation of the parties must be inquired into with a view of arriving at the intention of the parties."); *Kirby v Meyering Land Co*, 260

indicating that plaintiffs' Hadley Road property was to be served by the easement over Eisenbeiser Drive illustrates that the parties who created the easement never intended that it benefit the owners of the Hadley Road property. Accordingly, the trial court did not err when it precluded such a use and granted defendants' motion for summary disposition.

Affirmed.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

Mich 156, 168; 244 NW 433 (1932) ("The deed must be construed as it reads. The easement granted by it cannot create another or different easement for the benefit of plaintiffs.").