## NICPON v. NICPON.

### OPINION OF THE COURT.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—JURISDICTION OF COURT OF APPEALS.

   Review by the Court of Appeals of noncompliance with a mandatory court rule that trial court in nonjury case make special findings of fact and enter an appropriate judgment *held*, proper, although issue was neither raised nor briefed by the parties, since it is a fundamental matter affecting the court's jurisdiction and reviewing function (GCR 1963, 517.1).

2. JUDGES—SPECIAL FINDINGS—CONCLUSIONS OF LAW.

   Trial judge must make special findings of fact and state his conclusions of law thereon in all actions tried without a jury or with an advisory jury (GCR 1963, 517.1).

3. APPEAL AND ERROR—REVIEWING COURT—FINDINGS OF FACT.

   Reviewing court must accept trial court's findings of facts unless it finds them clearly erroneous (GCR 1963, 517.1).

4. SAME—FINDINGS OF FACT—REVIEW.

   Primary function of an appellate court in regard to fact finding is review of trial court's record and determination whether that record supports the trial court's findings.

5. TRIAL—NONJURY CASES—FINDINGS OF FACT.

   The duty of the trial judge to make findings of fact in a nonjury case is absolute and not dependent on a request by the parties (GCR 1963, 517.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–5] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[2, 6] 53 Am Jur, Trial § 1131 *et seq.*
[7] 5 Am Jur 2d, Appeal and Error § 1014.
[8] 5 Am Jur 2d, Appeal and Error §§ 703, 822.
[9] 24 Am Jur 2d, Divorce and Separation § 783 *et seq.*
[10] 24 Am Jur 2d, Divorce and Separation § 794.
   Propriety of court conducting private interview with child in determining custody. 99 ALR2d 954.

6. Judgment—Divorce—Noncompliance With Court Rules.

> Judgment of absolute divorce to defendant husband, pursuant to counterclaim, is reversed and case remanded for further proceedings and compliance with court rule where the record reveals that the trial court failed to make any special findings of fact, did not state its conclusions of law thereon, and did not direct entry of an appropriate judgment as required by the rule (GCR 1963, 517.1).

7. Costs—Appeal and Error—Neither Party Prevailing in Full.

> No costs are allowed on appeal of judgment for absolute divorce where cause is reversed for further proceedings by the trial court, neither party having prevailed in full.

Dissenting Opinion.

Gillis, J.

8. Appeal and Error—Equity Cases—De Novo Review.
> *The Court of Appeals reviews equity cases* de novo.

9. Divorce—Judgment—Evidence—De Novo Review.

> *Judgment of absolute divorce on counterclaim of defendant husband should be affirmed where* de novo *review of the record shows that trial judge properly granted defendant such divorce and custody of minor children of the parties, and that property division made by the court was just and equitable, considering fact that defendant husband had burden of raising minor children.*

10. Same—Child Custody—Trial Court—Interviewing Children.

> *Claim by plaintiff wife that the trial court committed reversible error in trial of divorce action by personally speaking to the minor children of the parties in chambers without making a record and without offering plaintiff or her attorney the opportunity to be present* held, *without merit, since in disputed custody cases sound practice dictates that the judge charged with decision see and talk informally with the children, preferably in chambers, when they are of discretionary age, where they will not be influenced by the presence of one or more of their parents or a parent's advocate.*

Appeal from Wayne, Swainson (John B.), J. Submitted Division 1 March 8, 1967, at Detroit. (Docket No. 2,544.) Decided March 18, 1968.

Complaint by Berneta K. Nicpon against Joseph G. Nicpon for divorce. Counterclaim for divorce by defendant. Judgment for defendant. Plaintiff appeals. Reversed and remanded for further proceedings.

*Brennan, Walt & Guth,* for plaintiff.

*Craig & Heidt,* for defendant.

LESINSKI, C. J.   Plaintiff wife appeals the granting of a judgment of divorce to defendant husband and the award of custody of their minor children to defendant, as well as the property award incorporated in the judgment.

On April 28, 1964, plaintiff filed her complaint for absolute divorce which charged extreme and repeated cruelty and sought custody and support of their minor children, and an equitable division of property. Defendant answered. The matter was referred to the friend of the court whose report was filed on October 21, 1965. On December 3, 1965, defendant filed his counterclaim which plaintiff answered on January 28, 1966. The final report of the friend of the court was filed on December 17, 1965. Trial of the cause took place on May 26, 1966. The formal judgment of divorce appealed from here was entered on June 17, 1966.

A review of the record on appeal reveals that the trial court did not make any special findings of fact; it did not separately state its conclusions of law thereon; nor did it direct the entry of the appropriate judgment. Further, we find no opinion or memorandum decision in this cause.

The transcript reveals that after the parties had presented their cases, the court made the following remark just prior to adjournment: "Let's adjourn

this case until 2 o'clock this afternoon, at which time I will see the children."

The judgment of divorce entered on June 17, 1966, indicates that the trial court at some point spoke personally to the minor children of the parties in chambers.

A motion for new trial or to alter or annul the judgment was filed and subsequently denied. This motion did not raise the issue of the trial court's failure to provide the matter indicated above as missing.

The plaintiff raises four issues on appeal which allege that the court erred in granting a judgment of divorce to the defendant; that it erred in its custody award; that it erred in speaking to the minor children[1] in chambers without making a record and without offering plaintiff or her counsel an opportunity to be present; and that the property award was unjust, inequitable and unsupported by the evidence. In view of our conclusions, it is not necessary for us to treat the issues raised.

While this Court ordinarily will not review issues neither raised nor briefed by the parties, it is not obliged to ignore fundamental matters, such as those related to its jurisdiction and reviewing function. To ignore noncompliance with a mandatory court rule directly affecting our reviewing function, simply because the parties do not alert us to such noncompliance, would be to disregard a fundamental matter.

The requirements of GCR 1963, 517.1[2] substan-

---

[1] At the time of the trial, the children's ages were: 17 years, 13 years, and 11 years. At the time of oral argument before this Court, the eldest child had reached 18 years and the youngest 12 years.

[2] "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested

tially affect the process of review.[3]  In all actions
tried either without a jury or with an advisory
jury, including an action for divorce, the rule re-
quires the trial judge to make special findings of
fact and to state separately his conclusions of law
thereon.  The same rule requires the reviewing court
to accept the trial court's findings of fact, unless it
holds them clearly erroneous.  This places a limita-
tion upon the reviewing power of appellate courts.

In this case we do not have even minimum com-
pliance with the rule.  Noncompliance is, perhaps,
understandable, for it was not the practice before
GCR 1963, 517.1 to make such findings in divorce
actions.  Theretofore, in actions of an equitable
nature, the Supreme Court searched the record of
the trial court proceedings and reached its own
"independent conclusions."  See *Jaikins* v. *Jaikins*
(1963), 370 Mich 488.

Compliance with the new rule concerning findings
of fact will both expedite the appellate process and
make unnecessary our attempt to pass upon cred-
ibility and find facts from lifeless printed words.
In the search for truth, the cold record is an in-
adequate substitute for the opportunity to hear a
witness and observe his demeanor.

An appellate court's primary function in regard
to fact finding is review of the trial court's record

---

matters without over elaboration of detail or particularization of
facts.  If an opinion or memorandum decision is filed, it will be
sufficient if the findings and conclusions appear therein.  The clerk
shall notify the attorneys for both parties of the findings of the
court.  Findings of fact and conclusions of law are unnecessary
on decisions of motions except as provided in subrule 504.2.  The
findings of a circuit court commissioner, to the extent that the court
adopts them, shall be considered as findings of the court.  Requests
for findings are not necessary for purposes of review.  No excep-
tion need be taken to any finding or decision.  Findings of fact shall
not be set aside unless clearly erroneous.  In the application of
this principle regard shall be given to the special opportunity of
the trial court to judge the credibility of those witnesses who ap-
peared before it."

[3] GCR 1963, 11.1.

and determination whether that record supports the trial court's findings. It is not the function of an appellate court to decide disputed questions of fact in the first instance and then choose between affirmance or reversal by testing its factual conclusion against that which the trial court *might* have or, if the trial judge's reasoning at the time of judgment were identical with that of the appellate court at the time of review, *must* have reached for it to issue the judgment it did.

Clear and complete findings by the trial judge are essential to enable us properly to exercise and not exceed our powers of review.

"We must know what a decision means before the duty becomes ours to say whether it is right or wrong." Mr. Justice Cardozo, for the Court, in *United States* v. *Chicago, M. St. P. & P. R. Co.* (1935), 294 US 499, 511 (55 S Ct 462, 467, 79 L ed 1023, 1032).

The parties in the trial court did not request the trial judge to make findings of fact under the rule. However, the duty to make such findings of fact is not dependent upon a request, but is mandatory upon the trial judge.

The failure of the trial court to comply with the mandates of GCR 1963, 517.1, requires us to set aside the judgment of divorce and remand the cause to the trial court for further proceedings and compliance with the rule.

Reversed and remanded. No costs are awarded as neither party fully prevailed.

Levin, J., concurred with Lesinski, C. J.

J. H. Gillis, J. (*dissenting*). The majority opinion bases its reversal on the failure of the trial court to comply with GCR 1963, 517.1, an issue not

raised on appeal and consequently not briefed by the parties.

Because equity cases are still reviewed *de novo,* *Osius* v. *Dingell* (1965), 375 Mich 605, 610, this Court is not powerless to render decision because of the trial court's failure to comply with GCR 1963, 517.1. This is not a case with involved questions of law and fact which might make special findings of fact and conclusions of law absolutely necessary to appellate review. To the extent plaintiff felt prejudiced by the absence of special findings, she could have made a point of it in the trial court and here. To send this case back to the trial court for further proceedings and a probable second appeal to this Court, with the attendant legal expenses, on a point not suggested by the plaintiff unduly penalizes both parties. While compliance with GCR 1963, 517.1, would have made our *de novo* review of this record easier, noncompliance with the rule should not justify our refusal to decide the issues squarely presented by this record and the rulings of the trial judge.

A recounting of the events which precipitated the dissolution of this 20-year marriage would add nothing to the jurisprudence of this State. It is sufficient to say that the testimony showed ample grounds for granting defendant a divorce on the grounds of extreme cruelty as set forth in his counterclaim. Based on my examination of the record in this case and making a *de novo* review of the facts, I would conclude that the trial court properly granted a judgment of divorce to the defendant on his counterclaim. The division of the property is just and equitable considering the fact that the burden of raising the minor children of the parties rested on the defendant.*

---

* Cf. *Dean* v. *Dean* (1955), 343 Mich 458.

I feel constrained to comment on appellant's allegation that the trial court erred in speaking personally to the minor children of the parties in chambers without making a record of same and without offering plaintiff or her attorney the opportunity to be present. Both the plaintiff and the defendant were represented by able counsel vigorously attempting to protect the interests of their clients. No attorney was present to represent specifically the interest of the minor children. The court quite properly conducted a private informal interview with the children in an atmosphere calculated to embarrass them least and to remove them from the arena where they might be influenced by the presence of one or both of their parents or a parent's advocate. As stated in *Bowler* v. *Bowler* (1958), 351 Mich 398, at p 406:

"In disputed custody cases, we believe that sound practice dictates that the judge charged with decision see and talk informally with the child, preferably in chambers, when it is of discretionary age."

Summarizing my *de novo* review of the record in this case, I would answer in the negative each of the four issues presented by appellant for our determination and affirm the judgment of the trial court.