KNAPTON *v.* KNAPTON

1. COURTS—APPELLATE COURT—APPEAL AND ERROR—POWERS—DE
   NOVO REVIEW.
   The intermediate appellate court is not powerless to render a
   decision on trial *de novo* even though the trial court has failed
   to comply with the rule that trial courts must find facts spe-
   cially and state separately their conclusions of law thereon and
   direct the entry of appropriate judgments (GCR 1963, 517.1).

2. DIVORCE—EXTREME CRUELTY—INTOXICATION.
   Defendant husband's conduct, over a period of years, of return-
   ing home late at night in an intoxicated condition and some
   times returning home intoxicated two or three nights in the
   same week and of challenging his wife, the plaintiff, to see an
   attorney about a divorce constituted extreme cruelty and en-
   titled the plaintiff wife to a divorce.

Appeal from Oakland, Farrell E. Roberts, J. Sub-
mitted Division 2 November 5, 1970, at Detroit.
(Docket No. 8,688.) Decided December 2, 1970.

Complaint by Maxine L. Knapton against Eugene
C. Knapton for divorce. Judgment for plaintiff.
Defendant appeals. Affirmed.

*LaRue T. Mead,* for plaintiff.

*Larry Middleton,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 644.
[2] 24 Am Jur 2d, Divorce and Separation §§ 32–66.

Before: BRONSON, P. J., and FITZGERALD and CHURCHILL,* JJ.

CHURCHILL, J. The defendant husband appeals from a judgment of divorce granted to the plaintiff wife for extreme cruelty.

The trial court failed to make findings of fact except a general finding that defendant was guilty of extreme cruelty. It is required that trial courts find facts specially and state separately their conclusions of law thereon and direct the entry of appropriate judgments. GCR 1963, 517.1. The failure to comply with this rule may result in a reversal, but we agree with the dissenting opinion in *Nicpon* v. *Nicpon* (1968), 9 Mich App 373, that this Court is not powerless to render a decision on trial *de novo* even though the trial court has failed to comply with the rule.

The record in this case is short. The essential facts are virtually undisputed. On review we are able to make and do make findings of fact. For the past few years defendant has been returning to the home of the parties late at night in an intoxicated condition. During some weeks this has occurred two or three times a week. On some occasions defendant has been so intoxicated that he fell asleep on the floor or couch. This course of conduct has been offensive to plaintiff. On occasion defendant has challenged plaintiff to see an attorney about a divorce. His conduct constituted extreme cruelty entitling plaintiff to a judgment of divorce.

The other terms of the judgment entered by the trial court have not been challenged on appeal. Affirmed. Costs to appellee.

All concurred.

---

* Circuit judge, sitting on the Court of Appeals by assignment.