D'ANDREA v AT&T MICHIGAN

Docket No. 288483. Submitted May 11, 2010, at Detroit. Decided June 29, 2010, at 9:00 a.m.

Eugene D'Andrea and Gina Liverpool, owners of a lot in a platted subdivision in the city of Grosse Pointe Farms, brought an action in the Wayne Circuit Court against AT&T Michigan, alleging that defendant's installation in 2005 of certain additional equipment on or in a six-foot easement for public utilities on plaintiffs' lot materially increased the burden on their property and constituted a continuing trespass. Defendant moved for summary disposition, noting that all the equipment was installed within the confines of the easement and in accordance with building permits issued by the city and Wayne County. Defendant further maintained that the equipment was lawfully placed in accordance with the Land Division Act (LDA), MCL 560.101 *et seq.*, which does not limit the amount or the size of the equipment that defendant can install. The court, Kathleen Macdonald, J., agreed with defendant and granted its motion for summary disposition. Plaintiffs appealed.

The Court of Appeals *held*:

The LDA does not address the rights and limitations of defendant's development of the utility easement in this case. None of the provisions of the LDA addresses to what extent a utility may develop or build on a public utility easement placed on a subdivision lot. The trial court erred by dismissing the trespass claim on the basis of the LDA. The trial court also erred by granting summary disposition on the basis that defendant obtained building permits because defendant failed to establish that the city and the county had the legal authority to decide on the nature, size, or scope of the equipment that a utility may install in an easement or actually considered those questions when they issued the permits. The order of summary disposition must be reversed, and the matter must be remanded to the trial court for further proceedings.

Reversed and remanded.

1. EASEMENTS — TRESPASS.

 Activities by the owner of the dominant estate that go beyond the reasonable exercise of the use granted by an easement may constitute a trespass to the owner of the servient estate.

2. EASEMENTS — LAND DIVISION ACT — PUBLIC UTILITY EASEMENTS — USE OF PUBLIC UTILITY EASEMENTS.

 The Land Division Act does not define the extent to which a public utility may use an easement for public utilities dedicated under the act (MCL 560.190).

*Richard R. Scarfone, P.C.* (by *Richard R. Scarfone*), for plaintiffs.

*Albert Calille* for defendant.

Before: SAAD, P.J., and HOEKSTRA and SERVITTO, JJ.

SAAD, P.J. Plaintiffs appeal the trial court's order that granted summary disposition to defendant, AT&T Michigan. For the reasons set forth in this opinion, we reverse and remand for further proceedings consistent with this opinion.

I. FACTS

Plaintiffs contend that AT&T's installation of new and additional utility equipment on an easement on their property, a private residence in the city of Grosse Pointe Farms, constitutes a continuing trespass. The lot on which plaintiffs reside is part of a platted subdivision that was recorded in 1948. The plat shows a dedication of a six-foot "Easement for Public Utilities" at the back of plaintiffs' lot. In the 1970s, AT&T installed a "cross-box cabinet" on the easement. In 2005, AT&T replaced that cabinet with a new one and also added an additional aboveground cabinet and an underground cabinet. AT&T placed the aboveground cabinets on a con-

crete slab and planted bushes around the site, but declined plaintiffs' request to move the cabinets off their property.

In their complaint, plaintiffs alleged that AT&T's installation of the new cabinets in the utility easement materially increased the burden on their property because the new cabinets are much larger and, thus, further reduced plaintiffs' useable backyard area by almost half, and thereby diminished the market value of the property. In its motion for summary disposition, AT&T responded that plaintiffs cannot establish a trespass claim because the cabinets were installed within the confines of the utility easement. AT&T further maintained that the easement was lawfully dedicated in accordance with the Land Division Act (LDA), MCL 560.101 *et seq.*, and that the LDA does not limit the number or size of utility cabinets AT&T may install. AT&T also argued that its use of the easement is lawful because the city of Grosse Pointe Farms and Wayne County approved the installation of the equipment by issuing building permits for the work. The trial court agreed with AT&T's arguments and explained:

> I think this case is governed by the Land Division Act, and it has its own limitations and rights of public utilities to use this area as they need to. In addition to that, they got permits, which I think also—I agree with you, that resolves the issue of reasonableness. I don't think that you would get a permit to erect a ten foot structure. So your motion is granted.

## II. ANALYSIS[1]

Though AT&T installed the equipment within the confines of the utility easement, plaintiffs claim that

---

[1] We review a trial court's grant of a motion for summary disposition de novo. *Beattie v Mickalich*, 284 Mich App 564, 569; 773 NW2d 748 (2009).

AT&T overburdened the easement and thus committed a trespass on their private property. "A trespass is an unauthorized invasion upon the private property of another." *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 705; 609 NW2d 607 (2000). Our courts have held that "[a]ctivities by the owner of the dominant estate that go beyond the reasonable exercise of the use granted by the easement may constitute a trespass to the owner of the servient estate." *Schadewald v Brulé*, 225 Mich App 26, 40; 570 NW2d 788 (1997).[2] As this Court explained in *Anglers of the AuSable, Inc v Dep't of Environmental Quality*, 283 Mich App 115, 129-130; 770 NW2d 359 (2009):

> "[T]he use of an easement must be confined strictly to the purposes for which it was granted or reserved." [*Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 41; 700 NW2d 364 (2005)] (quotation marks and citation omitted). Not surprisingly, these purposes are determined by the text of the easement. *Little v Kin*, 468 Mich 699, 700; 664 NW2d 749 (2003) (*Little II*). "Where the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted. If the text of the easement is ambiguous, extrinsic evidence may be considered by the trial court in order to determine the scope of the easement." *Id.* (citation omitted).

Here, the language of the easement itself provides little guidance with regard to whether AT&T may place

Summary disposition under MCR 2.116(C)(10) is proper when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Our Supreme Court has also held that "[w]hen construing the LDA, we are mindful that our primary goal is to ascertain and give effect to the Legislature's intent." *Tomecek v Bavas*, 482 Mich 484, 495-496; 759 NW2d 178 (2008).

[2] The land served or benefited by an easement is called the dominant estate and the land burdened by an easement is called the servient estate. *Schadewald*, 225 Mich App at 36.

additional equipment within its confines; the grant merely states that it is an "Easement for Public Utilities."

AT&T contends, and the trial court ruled, that plaintiffs failed to establish a trespass because AT&T was authorized to place equipment within the utility easement pursuant to the LDA. We disagree that the LDA addresses the rights and limitations of AT&T's development of the utility easement in this case.

Were we to hold that the LDA applies, the LDA simply does not address the issues raised by plaintiffs. The LDA states that utility easements in subdivision plats must comply with certain size and location requirements (not applicable here), and the statute sets forth limited guidelines with regard to how the easements may be used. MCL 560.139; MCL 560.190. However, these provisions merely state that public utility easements must be equitably shared among the public utilities, and the statute limits the uses servient property owners may make of a utility easement. None of the provisions address to what extent a utility may develop or build on a public utility easement placed on a subdivision lot. AT&T argues that the limited nature of the guidelines, i.e., their silence on this point, suggests that the Legislature intended that utilities have the unfettered right to place equipment within a utility easement, but nothing in the statute indicates that MCL 560.190 was intended to define the extent to which a public utility may use an easement. An appellate court cannot, and we will not, speculate about the Legislature's "intent beyond those words expressed in the statute." *Lash v Traverse City*, 479 Mich 180, 194; 735 NW2d 628 (2007). Moreover, we decline to infringe on the private property rights of a landowner through unsupported implication, particularly when there is a

complete absence of any legislative intent in the LDA to give a public utility free reign to build on an easement as it pleases. Because MCL 560.190 is simply silent on the matter and cannot reasonably be construed to set forth the rights or duties of AT&T with regard to its use of the easement, we hold that the trial court erred when it dismissed plaintiffs' trespass claim on the basis of the LDA.

We further hold that the trial court erred when it granted summary disposition to AT&T on the ground that AT&T obtained building permits from the city of Grosse Pointe Farms and Wayne County before it placed the additional crossbox cabinets on the easement. The trial court ruled that the city and county would only have issued building permits for "reasonable" construction within the easement and that this defeats plaintiffs' trespass claim. However, AT&T provided no legal basis, facts, or documentary evidence to establish that the city or county has the legal authority to decide on the nature, size, or scope of equipment a utility may install in a utility easement or whether the city or county actually considers those questions when it issues a building permit. MCR 2.116(G)(3)(b). Therefore, this part of the trial court's ruling is unsupported by any legal authority or evidence. Accordingly, it was error for the trial court to dismiss plaintiffs' trespass claim on this basis.

Reversed and remanded for further proceedings consistent with this opinion.[3] We do not retain jurisdiction.

---

[3] Plaintiffs contend that they had an agreement with AT&T to continue discovery after AT&T filed its motion for summary disposition. The trial court should address this matter on remand.