# STATE OF MICHIGAN

# COURT OF APPEALS

EUGENE D'ANDREA and GINA LIVERPOOL,

      Plaintiffs-Appellants,

v

AT&T,

      Defendant-Appellee.

UNPUBLISHED
June 14, 2018

No. 336501
Wayne Circuit Court
LC No. 07-732049-CZ

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In this property dispute, plaintiffs, Eugene D'Andrea and his daughter Gina Liverpool, appeal as of right the trial court's dismissal of their trespass action against defendant, AT&T, following a bench trial. This is plaintiffs' third appeal arising out of this matter, which regards AT&T's placement of telecommunications equipment within a utility easement in the backyard of plaintiffs' residential property. See *D'Andrea v AT&T Mich*, 289 Mich App 70; 795 NW2d 620 (2010) (*D'Andrea I*), and *D'Andrea v AT&T*, unpublished per curiam opinion of the Court of Appeals, issued August 19, 2014 (Docket No. 315385) (*D'Andrea II*). Because we conclude that several of the trial court's material factual findings on remand are clearly erroneous, we vacate the trial court's opinion and order and remand for further proceedings consistent with this opinion.

A thorough statement of the pertinent factual background is set forth in this Court's prior opinions. See *D'Andrea I*, 289 Mich App at 71-72; *D'Andrea II*, unpub op at 1-4. For our purposes here, it suffices to note that the utility easement in the backyard of plaintiffs' property runs the length of the rear property line, approximately 90 feet, extending south six feet across the entire backyard. In 1986, AT&T placed a "cross box" within the easement. In late 2005, AT&T placed additional equipment (the new equipment) adjacent to the cross box.

There is no dispute that all of the equipment is fully contained within the physical boundaries of the utility easement. Plaintiffs, however, allege that the new equipment's placement in the middle of the backyard (against the rear property line) is burdensome— particularly in concert with the contiguous cross box—complaining that it renders the largest portion of the backyard effectively unusable. Thus, plaintiffs filed suit against AT&T, claiming that its use of the utility easement constituted a trespass. Following *D'Andrea I*, the matter proceeded to a bench trial, and the trial court ruled in AT&T's favor. In *D'Andrea II*, this Court

reversed the trial court's decision and remanded the case for further proceedings, providing the following remand instructions:

> On remand, the trial court shall make findings, in compliance with MCR 2.517(A), regarding whether a trespass by AT&T occurred. As the trial court previously found that the installation of the new equipment on the Property was necessary for AT&T's effective use of the easement, such findings by the trial court shall be regarding whether where AT&T placed the new equipment on the Property was an unreasonable burden on the Property. [*Id*. at 8.]

On remand, after an unexplained delay of more than two years, the trial court issued an opinion and order holding that plaintiffs had not established that AT&T's placement of its equipment was an unreasonable burden on plaintiffs' property, and thus dismissing plaintiffs' action for trespass.

Among other things, on appeal plaintiffs contend that several of the trial court's factual findings on remand were clearly erroneous. We agree.[1]

We review the trial court's factual findings for clear error, *Allard v Allard (On Remand)*, 318 Mich App 583, 593; 899 NW2d 420 (2017), which is a "deferential" standard of review, *Heindlmeyer v Ottawa Co Concealed Weapons Licensing Bd*, 268 Mich App 202, 216; 707 NW2d 353 (2005). "A finding of fact is clearly erroneous when no evidence supports the finding or, on the entire record, this Court is left with a definite and firm conviction that a mistake has been made." *King v Mich State Police Dep't*, 303 Mich App 162, 185; 841 NW2d 914 (2013).

As this Court explained in *D'Andrea II*, unpub op at 1, the original cross box "sits on a pad measuring five feet by seven feet." "The new equipment was installed *next to* the cross box" and "sits on a pad measuring six feet by six feet." *Id*. at 1-2 (emphasis added). Nevertheless, on remand, the trial court found several times that the utility easement *itself* was "six foot by six foot" (or 36 square feet), also describing it is a "6x 6 easement." This constituted clear error. In their joint final pretrial order, the parties stipulated that the dimensions of the utility easement are actually those represented in the subdivision plat, which was an exhibit at trial. In other words, the easement measures approximately 90 feet by 6 feet, covering more than 540 square feet of plaintiffs' backyard. This stipulation of fact was binding on the trial court, see *Smitter v Thornapple Twp*, 494 Mich 121, 133 n 25; 833 NW2d 875 (2013), and the testimony at trial was

---

[1] Contrastingly, we reject plaintiffs' related request for relief based on a "great weight of the evidence" argument. Because this appeal arises out of a bench trial and does not involve a child-custody determination, plaintiffs' "great weight of the evidence" challenge is not a cognizable claim of error under Michigan law—the clear error standard governs review of factual findings following a bench trial. See *Precopio v City of Detroit Dep't of Transp*, 415 Mich 457, 466-467 & nn 13-14; 330 NW2d 802 (1982); *Mazur v Blendea*, 409 Mich 858 (1980); *Tuttle v Dep't of State Highways*, 397 Mich 44, 49; 243 NW2d 244 (1976). Cf. MCL 722.28; *McIntosh v McIntosh*, 282 Mich App 471, 474; 768 NW2d 325 (2009).

consistent with it. Therefore, the trial court clearly erred when it found that the easement measured six feet by six feet.

The trial court also clearly erred when it implicitly found that both the original cross box *and* the new equipment were "fully contained within the 6x6 easement." On a strictly horizontal plane,[2] it is factually impossible for the cross box's rectangular, five-foot-by-seven-foot pad to be "fully contained," along with the new equipment's *adjacent* six-foot-by-six-foot pad, within a single six-foot-by-six-foot area. Moreover, we cannot conclude that the trial court's clear misunderstanding of the dimensions of the easement was harmless. "An easement is the right to use the land of another for a specified purpose." *Schadewald v Brule*, 225 Mich App 26, 35; 570 NW2d 788 (1997). "An easement does not displace the general possession of the land by its owner, but merely grants the holder of the easement qualified possession only to the extent necessary for enjoyment of the rights conferred by the easement." *Id*. Hence, "[a]ctivities . . . that go beyond the reasonable exercise of the use granted by the easement may constitute a trespass to the owner of the servient estate." *Id*. at 40.

Generally, "the conveyance of an easement gives to the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement." *Unverzagt v Miller*, 306 Mich 260, 265; 10 NW2d 849 (1943) (quotation marks and citation omitted). Such rights are tempered, however, by the "fundamental principle . . . that the easement holder . . . cannot make improvements to the servient estate if such improvements are unnecessary for the effective use of the easement or they unreasonably burden the servient tenement." *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 41; 700 NW2d 364 (2005) (*Blackhawk*) (quotation marks and citation omitted). In other words, there is a two-step legal inquiry: (1) "whether the proposed developments are necessary for the . . . effective use of [the] easement and," if so, (2) "whether they unreasonably burden plaintiffs' servient estate." *Id*. at 42. In turn, the reasonableness of a given improvement depends on both the nature and scope of the easement. *Id*. at 50-51.

Because there is no dispute that AT&T's most recent "improvement" to plaintiffs' property (i.e., its placement of the new equipment) was reasonably necessary for AT&T to use the easement for utility purposes as intended, this Court held in *D'Andrea II* that the sole legal question for the trial court to answer on remand was one related to the second step in the *Blackhawk* test, i.e., "whether *where* AT&T placed the new equipment on the Property was an unreasonable burden on the Property." *D'Andrea II*, unpub op at 8 (emphasis added). The trial court's clear error demonstrates that it was unable to competently answer that question. The trial court did not comprehend the actual dimensions of the easement (i.e., where *else* the new equipment might have been placed on plaintiffs' property while remaining within the bounds of the easement), instead presuming that AT&T had only 36 square feet in which to place all necessary equipment. Also, it is clear that the trial court understood neither where the new

_____

[2] In other words, disregarding *vertical* measurements and orientation. This is appropriate because there is no evidence that the pads in question were somehow on a vertical incline that would permit them to fit within a 36-square-foot area (as measured horizontally).

-3-

equipment actually *was* placed nor the total amount of available yard space that the new equipment occupied (in concert with the adjacent equipment). Without understanding such variables, the trial court could not have reached a principled decision about whether the physical location of the new equipment *unreasonably* burdened plaintiffs' property. Moreover, the trial court's fundamental misunderstanding of the relevant evidence precludes us from determining whether the trial court would have reached the same result but for its erroneous understanding of the evidence and the parties' stipulations.

In light of the trial court's clear error, plaintiffs invite us to announce our own findings based on the record evidence. We are obliged to decline. Although the original trial judge has since retired, remand is nevertheless the appropriate measure.[3] As an error-correcting court, *Bloomfield Twp v Kane*, 302 Mich App 170, 185; 839 NW2d 505 (2013), this Court is "poorly suited and equipped" to resolve factual disputes. *Okrie v Michigan*, 306 Mich App 445, 458; 857 NW2d 254 (2014) (quotation marks and citation omitted). Our "primary function in regard to fact finding is review of the trial court's record and determination whether that record supports the trial court's findings." *In re Martin*, 200 Mich App 703, 717; 504 NW2d 917 (1993), quoting *Nicpon v Nicpon*, 9 Mich App 373, 377-378; 157 NW2d 464 (1968). In other words, "[i]t is not the function of an appellate court to decide disputed questions of fact in the first instance and then choose between affirmance or reversal by testing its factual conclusion against that which the trial court might . . . have reached" under other circumstances. *Nicpon*, 9 Mich App at 378. "Clear and complete findings by the trial judge are essential to enable us properly to exercise and not exceed our powers of review." *Id.*

Therefore, we vacate the trial court's opinion and order on remand, and we remand this case for further proceedings consistent with this opinion.[4] On remand, the trial court must reconsider this matter in compliance with both the remand instructions in *D'Andrea II* and this opinion. In the interest of judicial efficiency, on remand the trial court may exercise its discretion to visit plaintiffs' property personally pursuant to MCR 2.507(D) ("the court sitting as

---

[3] Having reached this conclusion, we need not reach the other issues raised by plaintiffs on appeal.

[4] By this, we mean whatever proceedings the trial court finds reasonably necessary to comply with our remand instructions. See *Int'l Business Machines, Corp v Dep't of Treasury*, 316 Mich App 346, 352; 891 NW2d 880 (2016) (noting that the "rule of mandate" encapsulates "the well-accepted principle in our jurisprudence that a lower court must strictly comply with, and may not exceed the scope of, a remand order"). The trial court need not hold any hearings on remand unless it wishes to permit oral argument, and it need not permit the parties to adduce any new evidence. The time for presenting evidence—i.e., trial—has passed. *People v Rao*, 491 Mich 271, 279-280; 815 NW2d 105 (2012) ("[e]vidence will not ordinarily be allowed in installments"); accord *Webert v Maser*, 247 Mich 245, 247; 225 NW 635 (1929) ("[t]he policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence") (quotation marks and citations omitted).

trier of fact . . . may view property or a place where a material event occurred").[5]  The trial court shall complete all remand proceedings within 56 days of the date of this opinion.

Vacated in part and remanded for further proceedings.  We do not retain jurisdiction. Plaintiffs may tax costs.

/s/ Stephen L. Borrello
/s/ David H. Sawyer

---

[5] Although it is unclear whether the original trial judge actually visited the property, at the end of trial she indicated her desire to do so, and both parties agreed that she could do so without them being present.