IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2022 Term

_____

No. 22-0067

_____

FILED

November 17, 2022

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

In re E.H., J.S., E.K., and C.K.

_____

Appeal from the Circuit Court of Mercer County
The Honorable Derek C. Swope
Case Nos. 21-JA-002-DS, 21-JA-003-DS, 21-JA-004-DS, and 21-JA-005-DS

VACATED AND REMANDED WITH DIRECTIONS

_____

Submitted: November 1, 2022
Filed: November 17, 2022

Gerald R. Linkous, Esq.
Mercer County Public Defender
Corporation
Princeton, West Virginia
Counsel for Petitioner R.H.

Tiffany Kent, Esq.
ChildLaw Services, Inc.
Guardian ad Litem

Patrick Morrisey
Attorney General
Brittany Ryers-Hindbaugh
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent
Department of Health and Human Resources

JUSTICE WALKER delivered the opinion of the Court.

JUSTICE ARMSTEAD dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.      "'When this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard.' Syl., *McCormick v. Allstate Ins. Co.*, 197 W.Va. 415, 475 S.E.2d 507 (1996)." Syllabus Point 1, *In re S.W.*, 236 W. Va. 309, 779 S.E.2d 577 (2015).

2. "'Where a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § 49-6-5(a)(6) (1998) (Repl. Vol. 2001) on the record or in the order, the order is inadequate.' Syl. Pt. 4, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001)." Syllabus Point 7, *In re K. S.*, 246 W. Va. 517, 874 S.E.2d 319 (2022).

3. "'Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate

i

dispositional order.' Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001)."

Syllabus Point 8, *In re K. S.*, 246 W. Va. 517, 874 S.E.2d 319 (2022).

WALKER, Justice:

Petitioner-Father R.H. was adjudicated an abusing parent of minor children E.H. and J.S. in September 2021.[1] By order entered December 27, 2021, the circuit court terminated Petitioner's parental rights to the children under West Virginia Code § 49-4-604(c)(6), due to "aggravated circumstances."[2] Petitioner raises four assignments of error on appeal, but we address the substance of only one: that the dispositional order entered on December 27, 2021, lacks sufficient findings of fact and conclusions of law to permit this Court to conduct a meaningful review of the proceedings below. So, we vacate the dispositional order and remand this case for further proceedings consistent with this Opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Department of Health and Human Resources filed a petition in January 2021 alleging that Petitioner-Father R.H. and his wife, B.H., abused E.H., J.S., E.K., and

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Disposition under West Virginia Code § 49-4-604(c)(6) results in the termination of an abusing parent's "parental, custodial and guardianship rights and responsibilities . . . ." We refer to that trio of rights as "parental rights" throughout this Opinion.

C.K.[3]  Petitioner is the biological father of E.H. (mother, B.H.) and J.S (mother, A.S.). E.K. and C.K. are B.H.'s children with P.K.[4]  The Department alleged that it received a referral on February 16, 2020, that police had been called to Petitioner and B.H.'s home after Petitioner hit B.H.  B.H. claimed that Petitioner kicked her, and that Petitioner had sexually abused C.K.  A social worker with Child Protect of Mercer County, Inc., conducted forensic interviews of E.K. and C.K. later that month.  E.K. reported witnessing domestic violence between his mother, B.H., and Petitioner, his stepfather.  And C.K. stated that Petitioner had sexually abused her and detailed Petitioner's conduct.  In February 2021, Petitioner was indicted on charges stemming from that abuse.  C.K. testified at Petitioner's trial in July 2021.

On September 21, 2021, the circuit court conducted an adjudicatory hearing for both B.H. and Petitioner.  The court heard testimony from (1) Dr. David Ellis, psychologist; (2) Lindsay Pack, forensic interviewer; (3) Teresa Larew, an employee of the federal Department of Housing and Urban Development; (4) B.H.; (5) J.S.'s mother, A.S.; and (6) P.K., father to E.K. and C.K.  Petitioner also testified, admitting that he had exposed the children to domestic violence but denying that he had sexually abused C.K.  Also,

---

[3] E.K. and C.K. are not the subjects of this appeal.

[4] The Department named A.S., P.K., and R.K. (P.K.'s wife) as non-offending parents.

during the hearing, Petitioner relinquished any rights he may have had to his stepchildren, E.K. and C.K.

The circuit court found by clear and convincing evidence that Petitioner had abused the children based on his admission to engaging in domestic violence with B.H. Likewise, the circuit court adjudicated B.H. as an abusing parent based on her admitted participation in domestic violence with Petitioner.[5] The court stated that it had reviewed the transcript of C.K.'s testimony at Petitioner's trial but had not reviewed the transcript of C.K.'s forensic interview. The circuit court deferred ruling on the allegations of sexual abuse until it could review that transcript. On November 1, 2021, the circuit court entered an order finding by clear and convincing evidence that Petitioner had sexually abused C.K.

The circuit court conducted a dispositional hearing on December 13, 2021. Petitioner requested a post-adjudicatory improvement period, to which the Department and the guardian ad litem objected. Petitioner also requested disposition under West Virginia Code § 49-4-604(c)(5) (2020), so that only his custodial rights to E.H. and J.S. would be terminated. Finally, Petitioner requested post-termination visitation with E.H. and J.S., should the court terminate his parental rights under § 49-4-604(c)(6). The Department

---

[5] The court granted B.H. a post-adjudicatory improvement period.

requested that the circuit court terminate Petitioner's parental rights to E.H. and J.S. under § 49-4-604(c)(6). The guardian ad litem concurred in that request.

The circuit court terminated Petitioner's parental rights to E.H. and J.S. at the conclusion of the hearing,[6] explaining on the record that:

> Well, I'm going to terminate his parental rights to all the children. I'm going to amend my earlier finding, and here's why: I mean, I think there -- not only the sexual assault but just the entire gamut of these things. It's just not, you know, –- it's just bad. That's all I can say.
>
> I believe the child. . . . I thought the child was very creditable. . . . I haven't seen any real attempt to improve on some of these things, so I'm terminating the parental rights.

Two weeks later, on December 27, 2021, the court entered an order stating as follows:

> [Petitioner], by counsel, requests an improvement period regarding his two children, [E.H. and J.S.].
>
> The Department requests that the Court terminate his parental rights and the guardian *ad litem* joins the motion.
>
> Upon consideration of the matters presented and argument of counsel, this Court FINDS and concludes, in the best interests of the children that:

---

[6] The permanency plan for E.H. is continued residence with B.H. The permanency plan for J.S. is continued residence with A.S., his non-offending mother.

A [multi-disciplinary team] meeting is scheduled for January 3, 2021, at 10:00 a.m.

WHEREFORE, it is hereby ORDERED that:

The Court ORDERS that the parental, custodial, and guardianship rights of [Petitioner] be terminated as those rights relate to [E.H. and J.S.], due to aggravated circumstances.

Termination of Petitioner's parental rights mooted the issue of a post-adjudication improvement period. The circuit court did not address Petitioner's motion for post-termination visitation with E.H. and J.S.[7]

Petitioner now appeals the December 27, 2021 order terminating his parental rights to E.H. and J.S.

## II. STANDARD OF REVIEW

This Court applies a two-prong standard of review in child abuse and neglect cases:

---

[7] The dispositional order does not address sibling visitation. *Compare* Syl. Pt. 4, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991) ("In cases where there is a termination of parental rights, the circuit court should consider whether continued association with siblings in other placements is in the child's best interests, and if such continued association is in such child's best interests, the court should enter an appropriate order to preserve the rights of siblings to continued contact."). However, the parties represented to the Court that both of Petitioner's biological children, E.H. and J.S., appear to visit with each other. On remand, the circuit court should formally address sibling visitation.

"When this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard." Syl., *McCormick v. Allstate Ins. Co.*, 197 W.Va. 415, 475 S.E.2d 507 (1996).[8]

## III.  ANALYSIS

Petitioner assigns four errors to the proceedings before the circuit court. First, Petitioner contends that the circuit court should have granted him a post-adjudicatory improvement period.[9]  Second, he argues that the court erred when it terminated his parental rights to E.H. and J.S., rather than his custodial rights, only.  Third, Petitioner asserts that the court erred by terminating his parental rights because neither the record nor the December 27, 2021 order contain the requisite findings of fact and conclusions of law and so should be vacated.  Finally, Petitioner argues that the court erred by failing to address his request for post-termination contact and/or visitation with E.H. and J.S.

---

[8] Syl. Pt. 1, *In re S.W.*, 236 W. Va. 309, 779 S.E.2d 577 (2015).

[9] Petitioner does not appeal his adjudication as an abusing parent.

We need address Petitioner's third assignment of error, only.[10] Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings details the necessary contents of a dispositional order:

> [a]t the conclusion of the disposition hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to the appropriate disposition in accordance with the provisions of W. Va. Code § 49-4-604. The court shall enter a disposition order, including findings of fact and conclusions of law, within ten (10) days of the conclusion of the hearing.[11]

In the context of termination of parental rights under § 49-4-604(c)(6), the requisite findings are two-fold: that "there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future," and termination of parental rights is "necessary for the welfare of the child."[12] Those are "distinct requirements" that must be "afforded their proper significance" under § 49-4-604(c)(6).[13] Indeed, as we have explained,

> [t]he prerequisite that there must first be "no reasonable likelihood that the conditions of neglect or abuse can be

---

[10] Because we are vacating the dispositional order and remanding this matter for further proceedings, consideration of Petitioner's other assignments of error is not necessary to our resolution of this case.

[11] W. VA. R. OF PROC. FOR CHILD ABUSE & NEGLECT PROC. 36(a).

[12] W. Va. Code § 49-4-604(c)(6).

[13] *In re A. P.*, 245 W. Va. 248, 255, 858 S.E.2d 873, 880 (2021).

substantially corrected" speaks to *the parent's* current situation, conduct, and/or abilities relative to his or her caretaking of the child. [W. Va. Code § 49-4-604(c)(6)]. In contrast, the "and[ ] when necessary for the welfare of the child" requirement concerns itself with the particular needs of *the child* as pertains to his or her physical and emotional well-being. *Id.* (emphasis added).

This latter requirement—through its pre-condition of abject necessity—duly recognizes the heightened burden which must be satisfied to terminate, with finality, a parent's fundamental right to custody of his or her child.[14]

Finally, and as we recently emphasized, "'[t]*he State must produce clear and convincing evidence to support [disposition under § 49-4-604(c)(6)] before the court may sever the custodial rights of the natural parents.*'"[15]

In view of those authorities, we agree with Petitioner that the December 27, 2021 dispositional order does not contain the requisite findings of fact or conclusions of law to support termination of his parental rights under § 49-4-604(c)(6). The order cites no evidence offered by the State to support the conclusion that termination of Petitioner's parental rights is in either E.H. or J.S.'s best interests. Nor does the order cite evidence sufficient to arrive at the additional finding required to terminate parental rights under § 49-4-604(c)(6)—that there is no reasonable likelihood that the conditions of abuse and

---

[14] *Id.*

[15] *In re K. S.*, 246 W. Va. 517, ___, 874 S.E.2d 319, 327 (2022) (emphasis in original) (quoting *State v. C.N.S.*, 173 W. Va. 651, 656, 319 S.E.2d 775, 780 (1984)).

neglect can be substantially corrected. Section 49-4-604(d) provides that the phrase "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help . . . ." Here, the order simply states that termination was necessary due to "aggravated circumstances," with no further discussion.[16] While the court stated at the dispositional hearing that it had not seen "any real attempt [by Petitioner] to improve on some of these things," that statement is simply too vague "'to enable us properly to exercise and not exceed our powers of review.'"[17]

We have held that,

---

[16] The phrase "aggravated circumstances" appears in § 49-4-604(c)(7)(A), which provides that:

> [f]or purposes of the court's consideration of the disposition custody of a child pursuant to [§ 49-4-604(c)], the department is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child, another child of the parent or any other child residing in the same household or under the temporary or permanent custody of the parent to *aggravated circumstances* . . . . which include, but are not limited to, . . . sexual abuse . . . . .

(Emphasis added).

[17] *In re Edward B.*, 210 W. Va. 621, 632, 558 S.E.2d 620, 631 (2001) (quoting *Nicpon v. Nicpon*, 157 N.W.2d 464, 467 (Mich. Ct. App. 1968)).

"[w]here a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § [49-4-604(c)(6) (2020)] on the record or in the order, the order is inadequate."[18]

Further,

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order."[19]

Applied here, those syllabus points mandate that we vacate the final dispositional order of December 27, 2021. We remand this matter for any further proceedings necessary to permit the circuit court to enter a dispositional order containing the requisite findings of fact and conclusions of law in accordance with the provisions of

---

[18] Syl. Pt. 7, *In re K. S.*, 246 W. Va. at 517, 874 S.E.2d at 322 (quoting Syl. Pt. 4, *In re Edward B.*, 210 W. Va. at 621, 558 S.E.2d at 620).

[19] Syl. Pt. 8, *id.* (quoting Syl. Pt. 5, *In re Edward B.*, 210 W. Va. at 621, 558 S.E.2d at 620).

West Virginia Code § 49-4-604 and Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.

VACATED AND REMANDED WITH DIRECTIONS.